CASE No. 842.

ELDER & CO. v. C. C. & A. RAILROAD CO.

Where a charter of a railroad company prescribed a maximum rate of charge for the transportation of heavy articles by the hundred pounds, and of articles of measurement by the cubic foot, without further defini-

tion in the act itself, it was properly left to the jury to determine whether cotton in bales were heavy articles, or articles of measurement, within the meaning which custom, had given to those terms at the date of the charter.

Before WALLACE, J., Fairfield, September, 1879.

This case and the next preceding case, Bonham *v.* C. C. & A. R. R. Co., were heard in this court together, both involving a construction of the same section of the act incorporating the defendant company.

The case is stated in the Circuit decree, which is as follows:

This is an appeal from a trial justice's court, upon points of law.

The facts of the case pertinent to the issue of law raised, are as follows: The plaintiffs shipped ten bales of cotton at Winnsboro, consigned to Charlotte, upon the defendants' road. The distance between those points is seventy-two miles. The cotton weighed an average of four hundred and sixty pounds to the bale, and had an average measurement of thirty-five 'cubic feet. The section of defendants' charter brought before the court for consideration, provides that the railroad company may charge "for the transporation of goods, produce and merchandise, and other articles, any sum not exceeding fifty cents per hundred pounds for each hundred miles on heavy articles, and fifteen cents per cubic foot on articles of measurement, for every hundred miles." The defendants charged for the transportation of the cotton at the rate of fifteen cents per cubic foot per hundred miles, or the sum of $37.80. The plaintiffs tendered payment at the rate of fifty cents per one hundred pounds per hundred miles, or the sum of $16.58. This being refused, the plaintiffs paid the amount charged under protest, and brought suit for the difference of $21.22.

At the trial, the defendants requested the trial justice to instruct the jury "that the defendants had the legal right, under this charter, to classify goods, produce, merchandise and other articles offered them for transportation, as 'heavy articles,' or as 'articles of measurement,' according as said goods, produce, merchandise, or other articles, by their weight or bulk, first

exhaust the carrying capacity of the freight cars used for the transportation of the said goods, produce, merchandise, or other articles."

The trial justice declined so to charge; to which the defendants excepted. We shall consider that exception alone; and if error was committed in this refusal, the judgment of the court below cannot stand.

Now, if the defendants had the right to classify the cotton tendered for shipment as articles of measurement *under their charter*, it then follows that their classification, however arrived at, is legal. The question, then, for consideration is, whether, under the terms of the section of the charter referred to, cotton in bales can be classed as "articles of measurement," as contended by the defendants, or must be classed as "heavy articles," as contended for by the plaintiffs. What, then, is a heavy article? The term "heavy" is a comparative term, as applied to different articles. Iron is heavy, feathers are light or bulky. Yet a pound of feathers is as heavy as a pound of iron. Hence, an article is heavy when a certain bulk has a certain weight, while one which has the same bulk, but weighs less, will not be heavy. On this principle we call iron heavy and feathers light. The difficulty is in drawing the line of demarcation, or in ascertaining when the weight of an article, compared with its bulk, makes it a heavy article. We may safely say that lint cotton is not heavy, and that cotton compressed in very small bales, as is now done by powerful steam or hydraulic presses, is heavy. If we consider bales of cotton as usually packed by farmers and such as were shipped in this case, we are of the opinion that the bulk of thirty-five cubic feet, weighing only four hundred and sixty pounds, fail to make them "heavy articles."

The difficulty, as we have said, is in fixing the line of demarcation. But does not the section under consideration aid us, or indicate a line of demarcation fixed by the statute itself? We must assume what the section intends—a uniformity of charges on what it styles "heavy articles," and what it denominates as "articles of measurement." The limit on one class is fifty cents per one hundred pounds; on the other, fifteen cents per cubic foot. Either mode of charges would amount to the same, if

the article upon which the charge is made weighed thirty pounds to the cubic foot. Upon such an article the limit applied to it, either as a heavy article or an article of measurement, would be fifteen cents. We may then well infer that the intention of the section is to allow a classification upon this basis of thirty pounds to the cubic foot; articles weighing over this coming under the head of "heavy," and articles weighing less, under the head of "articles of measurement." The bales of cotton in this case weighed only four hundred and sixty pounds to the thirty-five cubic feet, or not quite fourteen pounds to the cubic foot. We are, therefore, of the opinion, that by virtue of their charter, the defendants were authorized to classify and charge on the cotton in this case as articles of measurement.

This construction of the section under consideration makes it of itself effective, and obviates the necessity of a contest as to the proper classification of each and every article that may be tendered for transportation. Besides, should the railroad company charge by weight on an article of measurement, according to this standard, or, on the other hand, charge by measurement on a heavy article, it would make an erroneous classification, to its own loss.

We are, therefore, of the opinion that the trial justice erred in his construction of the statute, and that, therefore, the judgment of the court below appealed from must be set aside, and it is accordingly so adjudged.

Plaintiffs appealed.

*Messrs. H. A. Gaillard, A. M. Mackey* and *Louis Le Conte,* for appellants.

*Mr. J. H. Rion,* contra.

March 24th, 1880. The opinion of the court was delivered by

WILLARD, C. J. This was an action in the trial justice's court, in which the plaintiff obtained a verdict and judgment, which was set aside by the Circuit Court.

The case of Bonham *v.* the same defendants, just decided, disposes of the questions of law raised in this case. The charge

of the trial justice was conformable to the conclusions at which we have arrived as stated in that case.

The judgment of the Circuit Court must be set aside and that of the trial justice affirmed.

McIVER and McGOWAN, A. J.'s, concurred.